UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KENDALL LINK, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:09-1038 |
| | ) Judge Trauger |
| SUMNER COUNTY JAIL, ET AL., | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Sumner County Jail in Gallatin, Tennessee. He brings this action under 42 U.S.C. § 1983 against the following defendants: 1) the Sumner County Jail; 2) Corrections Officer (CO) Stephen Thompson; 3) CO Kevin Weatherby; 4) Bob Barker, Sheriff of Sumner County; 5) Captain f/n/u Canter; and 6) Sonya Troutt, Jail Administrator.

The plaintiff's complaint stems from an injury to his wrist that he received when COs Thompson and Weatherby got into an altercation with one another, and one of them shoved the other into the plaintiff during the scuffle. The plaintiff does not allege, nor can it be liberally construed from the complaint, that his injury was anything other than the unintended consequence of the two Officers' reckless behavior.[1]

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535

---

[1] The Officers' employment at the Sumner County Jail was terminated as a consequence of their behavior. (Docket Entry No. 1, Attach. Investigation)

(1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

To be entitled to relief under § 1983 for the actions of COs Thompson and Weatherby, the plaintiff must establish that the Officers acted knowingly and/or intentionally to violate his constitutional rights; negligence, recklessness, and mistakes do not constitute grounds for relief under § 1983. *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986); *Ahlers v. Schebil*, 188 F.3d 365, 373 (6th Cir. 1999); *Howard v. Grinage*, 6 F.3d 410, 415 (6th Cir. 1993). Because the plaintiff's injury was clearly an accident, albeit attributable to the reckless behavior of COs Thompson and

2

Weatherby, he is not entitled to relief under § 1983 for the actions of those Officers.

The plaintiff does not mention the other defendants in the statement of his claim. Because he does not, he fails to satisfy the first half of the two-part test under *Parratt*, the consequence of which is that he fails to make a *prima facie* showing under § 1983 as to the other defendants. In any event, to the extent that the plaintiff's claims against the other defendants are liberally construed to spring from the conduct of COs Thompson and Weatherby, because the Officers did not violate the plaintiff's rights under § 1983, there is no unconstitutional conduct to impute to the other defendants.

For the reasons explained herein, the complaint lacks an arguable basis in law or fact, for the reasons explained herein. Therefore, it will be dismissed as frivolous.

An appropriate Order will be entered.

                                                                  Aleta A. Trauger
                                                                   United States District Judge